UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:11CV-00041-JHM

**JERRY FIELDS**                                                                                                                  **PLAINTIFF**

**VS.**

**RICK BENNINGFIELD, Individually and
in his official capacity as Taylor County Jailer;
EDDIE "HACK" MARCUM, Individually and in
his capacity as Taylor County Jailer;
TAYLOR COUNTY FISCAL COURT; EDDIE
ROGERS, TAYLOR COUNTY JUDGE EXECUTIVE;
JAMES JONES, MAGISTRATE; JOHN GAINES,
MAGISTRATE; TOMMY CORBIN, MAGISTRATE;
MATT PENDLETON, MAGISTRATE; ED GORIN,
MAGISTRATE; AND RICHARD PHILLIPS,
MAGISTRATE**                                                                                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendants for summary judgment [DN 33]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

Plaintiff, Jerry Fields, was hired as a deputy jailer at the Taylor County Detention Center on October 23, 2008. The effective date of his employment was November 1, 2008. Plaintiff was classified as temporary 12-month probationary employee. (Jerry Fields Dep., Exhibit 1 at 17.)[1] Upon employment at the Taylor County Detention Center, Plaintiff was provided a copy of the Taylor County Fiscal Court Employee Policy Manual. (Id. at 46, 52-53.) As policies and procedures were revised, the revisions were provided to Plaintiff and he received training regarding them. (Id.

---

[1] Plaintiff testified that he did not recall he was subject to a temporary 12-month probationary period. (Fields Dep. at 78.) Instead, Fields stated that he thought he was hired as full-time hourly. (Id.)

at 79.) The Taylor County Fiscal Court Employee Policy Manual set forth the Fiscal Court's provisions for disciplinary action, discharge, and pre-termination hearing. (Employee Policy Manual for Taylor County Fiscal Court at 22-25.) The Taylor County Fiscal Court Employee Policy Manual provides in relevant part that

> **Pre-termination Hearing** – The request for a pre-termination hearing must be made in writing, to the County Judge/Executive within five (5) working days of the employee's receipt of the letter of intent to dismiss, excluding the day it was received.
>
> The pre-termination hearing shall be held within five (5) days after receipt of the employee's request, excluding the day it was received. The hearing is informal. It gives the employee the opportunity to respond to charges contained in the letter of notice of intent to dismiss.

(Id. at 24.) Likewise, the Taylor County Detention Center Employee Handbook also provides that "[t]he employee may appeal Captain's decision to the JAILER within five (5) working days, excluding the date of the written notification of dismissal by the Captain." (Taylor County Detention Center Employee Handbook, Disciplinary Action, Right to Appeal, at 12.) The Handbook further provides that "[a]n employee serving temporary probationary period may be dismissed at any time without right of appeal." (Taylor County Detention Center Employee Handbook at 9.)

At his deposition, Fields testified that he recalled receiving policies and procedures from the Taylor County Detention Center and that he received those during training. (Fields Dep. at 46.) Further, Taylor County Detention Center records reflect that Plaintiff received two hours of training on Polices and Procedures on February 10, 2009. (Training Log, DN 33-7.) However, by affidavit submitted with his response, Fields avers that he was never provided the Taylor County Detention Center Employee Handbook and that his employee file does not indicate that he has signed for receipt of the document labeled "Taylor County Detention Center Employee Handbook." (Fields

Affidavit at ¶¶ 2,3,5.)

On June 11, 2009, the Plaintiff was involved in a restraint of an inmate and, thereafter, sought medical treatment for the work related injury. Plaintiff required surgery and received treatment. He filed a workers' compensation claim. Plaintiff was released to light duty work on December 15, 2009, but he was not released to return to work at the jail. The physician's note indicated that Plaintiff was "unable to physically restrain inmates" and was restricted to maximum lifting of 20 pounds. (Plaintiff's Dep., Ex. 1 at 31.) Fields' physician indicated that he anticipated a release to full duty in three months from the December 15, 2009, date. (Id.)

On March 15, 2010, Captain Kevin Wilson provided Plaintiff with written notification of his intent to terminate Plaintiff. Captain Wilson's notice of termination stated five reasons for the termination: (1) Doctors excuse expired as of 03-10-2010, (2) Fields was not eligible for Family Medical Leave Act leave; (3) Field's current complaint of cervical neck injury was not related to the shoulder injury which was the subject of the worker's compensation claim; (4) no attempt had been made to contact the Taylor County Detention Center; and (5) failure to contact employer on status of injury. (Id., Ex.1 at 32.) The letter further provided that "[a]ny further questions need to be addressed to the County Attorney." Id.

Plaintiff testified that after receipt of the letter he met with Eddie Rogers, Taylor County Judge Executive, and his secretary who referred him to the detention center. (Fields Dep. at 48.) Judge Executive Rogers testified that Plaintiff came to his office one day and informed him that he had been terminated from his employment with the Taylor County Detention Center. Rogers testified that he "told him that he could ask for a hearing." (Eddie Rogers Aff. at ¶ 2.) Rogers further stated that Plaintiff did not inquire further regarding his right to a hearing concerning his

termination. (Id. at ¶ 3.) Plaintiff testified that he also met with Captain Wilson at the Taylor County Detention Center on the same day and was referred to the county attorney. (Id. at 49.) Fields did not speak with the county attorney or request a hearing of any kind after his termination from the Taylor County Detention Center. (Fields Dep. at 47, 49.)

As a result of his termination, Plaintiff filed this action asserting claims of violation of his Fourteenth Amendment due process rights and pendent state claims of wrongful discharge and retaliation. (Complaint ¶¶12-28.) Defendants now move for summary judgment on Plaintiff's Fourteenth Amendment due process violation claim.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1).

"The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

Plaintiff contends that his procedural due process rights under the Fourteenth Amendment were violated because he was terminated from employment with the Taylor County Detention Center without any due process. Specifically, in his Complaint, Plaintiff alleges that he had a constitutionally protected property interest in his employment and pay as a Deputy Jailer pursuant to KRS § 61.310, KRS § 71.060, KRS § 441 et. seq., the Kentucky Administrative Regulations, and the Taylor County Administrative Code. According to Plaintiff, Defendants acting under color of state law denied Plaintiff his property rights without due process "by dismissing him from his employment without giving him any type of pre-termination procedure to afford him an opportunity to refute any alleged reasons for his firing." (Complaint at ¶13.)[2] Further, in response to the motion to dismiss, Plaintiff argues that because the termination letter did not provide for an opportunity to seek relief from the termination through a grievance or judicial proceeding, he was denied procedural due process. (Plaintiff's Response at 3.)

---

[2] In his response to the motion for summary judgment, Plaintiff argues that there is a jury question as to whether the Defendants violated Plaintiff's substantive due process rights when Plaintiff was dismissed without cause on March 15, 2010. (Plaintiff's Response at 4.) However, Count I of Plaintiff's Complaint reflects only a Fourteenth Amendment procedural due process claim. (Complaint ¶¶ 6-15.) Furthermore, in as much as Plaintiff attempts to raise a substantive due process claim for his alleged termination without cause in violation of KRS § 71.060(2), a "'statutory right to be discharged only for cause is not a fundamental interest protected by substantive due process.'" Reeves v. City of Georgetown, 2012 WL 3962334, *2 (E.D. Ky. Sept. 10, 2012)(citing Sutton v. Cleveland Bd. of Educ., 958 F.2d 1339, 1351 (6th Cir.1992) (citations omitted)).

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law ..." U.S. Const., Amend. XIV, § 1. The Sixth Circuit has held that a court should undertake a two-step analysis when considering claims for the violation of due process rights. Mitchell v. Fankhauser, 375 F.3d 477, 480 (6th Cir. 2004). First, the court must determine whether the Plaintiff has a "life, liberty, or property" interest entitled to due process protection. Id. Second, if the court finds that the Plaintiff has a protected interest, it must then determine what process is due. Id.

To prevail on his procedural due process claim, Plaintiff must have a property interest in continued employment with the Taylor County Detention Center. If the Plaintiff does not have a property interest in his position, then he is not entitled to any pre-deprivation process. See, e.g., Curby v. Archon, 216 F.3d 549, 553 (6th Cir. 2000). "A property interest exists and its boundaries are defined by 'rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Id. (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). KRS § 71.060 provides that "the jailer may dismiss his deputies at any time with cause." KRS § 71.060(2). Defendants do not address in detail Plaintiff's property interest in his job. Instead, Defendants merely state that it is not clear that he had a property interest sufficient to trigger due process protections at all given his temporary, twelve-month probationary status. For purposes of this motion, the Court will assume that Plaintiff had a property interest in continued employment with the Taylor County Detention Center.

Accordingly, the question becomes whether the process offered during Plaintiff's termination satisfies the requirements of due process under the Fourteenth Amendment. "The tenured public

employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Upton v. City of Royal Oak, 2012 WL 1662024, *8 (6th Cir. May 11, 2012)(internal citation omitted). The pre-deprivation hearing need not be elaborate. Id. "If an employee is not afforded due process before the deprivation, then an adequate post-deprivation remedy may satisfy his right to due process of law." Id. (citing Walsh v. Cuyahoga County, 424 F.3d 510, 514 (6th Cir. 2005)).

It is undisputed that Plaintiff received a discharge notification letter in March of 2010 informing him of Captain Wilson's intent to discharge Plaintiff, the reason for the discharge, and the date of the discharge. (Fields Dep., Exhibit 1 at 32.) It is also undisputed that Plaintiff was provided with a copy of the Taylor County Fiscal Court Policy Manual which contained the grievance procedure available to him following the decision of Captain Kevin Wilson to terminate him. In fact, Plaintiff testified that he recalled receiving both the policies and procedures of the Taylor County Fiscal Court and the policies and procedures from the Taylor County Detention Center. (Id. at 46.) Plaintiff further testified at his deposition that he received the policies and procedures of both the county and the detention center during his training and that he understood at the time of his termination that he could obtain another copy of them. (Id. at 52-53.)

Contrary to Plaintiff's argument, the record reflects that the process afforded Plaintiff was adequate. He was notified of the charges against him, was notified of the reasons for the discharge, had full opportunity under the Taylor County Fiscal Court Employee Policy Manual[3] to respond to those charges by requesting a hearing, and was notified of such an opportunity by both the Taylor

---

[3] For purposes of this motion, the Court has considered only the due process afforded under the Taylor County Fiscal Court Employee Policy Manual.

County Fiscal Court written policy and Judge Executive Rogers. The fact that Plaintiff failed to request a hearing does not warrant a finding that the process afforded him was deficient. Similarly, Plaintiff submitted no authority in support of his argument that the discharge notification letter was constitutionally deficient because it did not contain any reference to any grievance or judicial proceedings. For the reasons set forth above, the Court finds that procedural due process has been satisfied in this case, and the Defendants' motion for summary judgment on the Plaintiff's procedural due process claims is granted.

Having dismissed the Plaintiff's federal claims, the Court declines to exercise pendent jurisdiction over Plaintiff's state law claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well." Id. at 726.). Therefore, Plaintiff's pendent state law claims are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [DN 33] is **GRANTED**. Plaintiff's federal claims are dismissed with prejudice. Plaintiff's state law claims are dismissed without prejudice. A Judgment will be entered consistent with this Opinion.

*Joseph H. McKinley*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: counsel of record

November 13, 2012